UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO:   5:07CR320 |
| Plaintiff, | : | JUDGE CHRISTOPHER A. BOYKO |
| v. | : | |
| ANDRE K. BAILEY, | : | CRIMINAL PRETRIAL ORDER |
| Defendant. | : | |

Pretrial was held on   **----------**   Trial of this matter is scheduled to commence on   **10/25/07**   in Court Room 15B, United States Court House.  Final Pretrial is set for **10/18/07 @ 10:00 a.m.**   contingent upon this Court's granting of an anticipated speedy trial motion to be filed by  10/04/07  . Discovery is completed as of today,                                    .

The attention of counsel for all parties is specifically directed to General Order No. 119 of the United States District Court for the Northern District of Ohio, adopted September 11, 1990 (Jury Utilization Management Plan), which provides that "plea negotiations must be completed by a date certain in advance of the scheduled trial."  Accordingly, the Court will not accept a plea agreement which is submitted later than one day prior to the trial date.

Counsel shall immediately  notify the Court in writing of any failure to provide discovery material.  The Court will <u>not</u> continue a scheduled trial because of a failure to provide discovery if this requirement has not been followed.

1

Motions:

Pretrial motions, including motions to suppress, shall be filed on or before **10/04/07**

_____  Briefs In Opposition shall be filed on or before **10/11/07**                **.**

**Suppresion Hearing will be held on the date of the Final Pretrial**.  Every motion filed shall be supported by a substantial foundation, explicitly stated pursuant to Local Rule 12.1.

Trial Documents:

The following trial documents shall be submitted to the Court not later than 4:00 p.m., two working days prior to the final pretrial.

1. Counsel for the parties are directed to confer in person, agree upon stipulations, and reduce them to writing. Stipulations shall be signed by all counsel and submitted to the Court.

2. Counsel for the parties shall confer in person and, to the extent possible, agree upon and submit to the court a complete set of jury instructions. Additional proposed jury instructions, which are disputed by the parties, must be submitted to the Court and opposing counsel. Such proposed jury instructions shall be supported by legal authority.
THE COURT SHALL ADHERE CLOSELY TO PATTERN CRIMINAL JURY INSTRUCTIONS ISSUED BY THE SIXTH CIRCUIT AND THE FEDERAL JUDICIAL CENTER.

3. Counsel for the parties shall submit to the Court, in writing, a list of voir dire questions.

4. Counsel for the parties shall submit to the Court appropriate memoranda, with citations to legal authority, in support of evidentiary questions and any other legal issues which may reasonably be anticipated to arise at trial.

5. Counsel for the parties shall submit to the Court an estimate of the length of trial.

Exhibits:

Prior to trial, counsel for the parties shall complete the following:

1. Counsel shall exchange demonstrative evidence, such as models or sketches, no later than two (2) days prior to the date of trial.

2. All exhibits must be marked before trial in accordance with Local Rule 23.2.

3. One (1) copy of all trial exhibits shall be submitted to the Court in a binder, along with an index of the exhibits, not later than the morning of the trial.

The Court will not allow exhibits to be given to the jury during trial without prior approval of the Court. If the Court approves such a request, sufficient copies for each juror must be provided in order that all jurors may view the exhibit simultaneously.

Continuances:

The Court will not grant a continuance of a trial or hearing without a written motion stating the reason for the continuance. The Court will not consider any motion for a continuance due to a conflict of trial assignment dates unless a copy of the conflicting assignment is attached thereto.

IT IS SO ORDERED.

/s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: August 20, 2007